1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   SARAH BERRY,                )
                                 )
12                               )        No. C 10-2775 BZ
                 Plaintiff(s),   )
13                               )        **ORDER DISMISSING COMPLAINT**
         v.                      )        **WITH LEAVE TO AMEND**
14                               )
     CALIFORNIA DEPARTMENT OF    )
15   INDUSTRIAL RELATIONS,       )
                                 )
16                               )
                 Defendant(s).   )
17                               )
     _____ )
18

19        On June 24, 2010, pro se plaintiff Sarah Berry filed a

20   form employment discrimination complaint against defendant

21   California Department of Industrial Relations ("DIR").[1]   In

22   this complaint, Berry, an office assistant, makes multiple

23   allegations against her employer, DIR, including race

24   discrimination, retaliation, harassment, and violation of her

25

26

27        [1]   All parties have consented to my jurisdiction for all
     proceedings including entry of final judgment, pursuant to 28
28   U.S.C. § 636(c).

                                 1

1  <u>Weingarten</u> rights.[2]  On August 5, 2010, DIR filed a motion to
2  dismiss plaintiff's complaint without leave to amend based on
3  the following reasons: (1) Berry fails to allege facts
4  sufficient to state a claim upon which relief can be granted;
5  (2) Berry has not exhausted her administrative remedies; and
6  (3) Berry, as a state employee, does not have any <u>Weingarten</u>
7  rights.  Berry did not file an opposition to DIR's motion.

8       Because Berry is a pro se litigant, I must construe her
9  complaint liberally.  <u>Balistreri v. Pacifica Police Dept.</u>, 901
10  F.2d 696, 699 (9th Cir. 1990).  I must also give Berry leave
11  to amend her complaint unless it is "absolutely clear" that
12  amendment cannot cure any of the complaint's deficiencies.
13  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987),
14  <u>superseded by statute</u>, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30
15  (9th Cir. 2000); <u>West v. Marsh</u>, 2010 WL 624303 at *1 (E.D.
16  Cal. 2010).  Berry's pro se complaint does not need to state
17  the entire legal theory behind her claims, but it must present
18  enough details to notify DIR as well as the court of the basis
19  for the complaint and the legal grounds on which she wishes to
20  recover.  <u>Self Directed Placement Corp. v. Control Data Corp.</u>,
21  908 F.2d 462, 466 (9th Cir. 1990).

22       Liberally construed, Berry's complaint does not allege
23  specific enough details to properly state the basis for her
24  complaint.  Berry's complaint only provides a list of generic

26  [2]    Before initiating her lawsuit, Berry filed charges
27  against DIR with the Equal Employment Opportunity Commission
    ("EEOC").  Although the EEOC dismissed these charges, it did
28  not make any findings and issued Berry a right to sue letter on
    March 30, 2010.  Berry then timely filed this action.

2

1   allegations against DIR (i.e., "discrimination of race and
2   wages, unfair treatment, unusual/uncommon practices,
3   retaliation and harassment for filing complaint,..."), and she
4   does not explain what DIR did wrong and on what legal grounds
5   she may recover.  Complaint at 2.  DIR is therefore correct
6   that Berry's complaint fails to allege facts sufficient to
7   state a claim upon which relief can be granted.  Fed. R. Civ.
8   P. 12(b)(6).  Berry, however, may be able to cure these
9   deficiencies by providing further clarification about her
10  allegations.  Due to this possibility, I dismiss her complaint
11  but grant her leave to amend.  See West, 2010 WL 624303 at *1.

12      DIR's remaining arguments in its motion to dismiss do not
13  warrant a lengthy discussion, particularly because I am
14  granting its motion.  DIR states that Berry's initial EEOC
15  charges are different than the allegations in her complaint,
16  including different dates for when the discriminatory conduct
17  allegedly began.  DIR also points out that the "retaliation"
18  box was not marked on Berry's EEOC complaint, yet Berry
19  alleges retaliation in the complaint for this case.  Due to
20  these inconsistencies, DIR argues Berry failed to exhaust her
21  administrative remedies.  However, EEOC charges must also be
22  liberally construed — like Berry's complaint — and "[i]t is
23  sufficient that the EEOC be apprised, in general terms, of the
24  alleged discriminatory parties and the alleged discriminatory
25  acts."  Sosa v. Hiraoka, 920 F.2d 1451, 1458 (9th Cir. 1990)
26  (emphasis added).  Moreover, this issue is best resolved after
27  the complaint is amended.

28      DIR's last argument is that Berry, as a state employee,

3

1    is not entitled to her <u>Weingarten</u> rights, something that Berry
2    briefly alleges in her complaint. Under <u>Weingarten</u>, an
3    employee can complain to the National Labor Relations Board if
4    denied union representation at investigatory interviews by
5    employers.  <u>NLRB v. J. Weingarten, Inc.</u>, 420 U.S. 251 (1975).
6    DIR is correct that Berry's <u>Weingarten</u> rights are governed
7    exclusively by the National Labor Relations Act and do not
8    apply to state employers.  29 U.S.C. § 152(2); <u>see also</u>
9    <u>Associated Builders & Contractors, Inc. v. City of Seward</u>, 966
10   F.2d 492, 496-97 (9th Cir. 1992), <u>overruled on other grounds</u>,
11   <u>Chamber of Commerce of the U.S. v. Lockyer</u>, 463 F.3d 1076,
12   1083 (9th Cir. 2006).  If Berry chooses to amend her complaint
13   and allege a violation of her <u>Weingarten</u> rights, she must
14   specifically explain why these rights would apply to a state
15   entity like DIR.

16        Because I find that Berry's complaint currently fails to
17   state a claim upon which relief may be granted, **IT IS HEREBY**
18   **ORDERED** as follows:

19        1.   DIR's motion to dismiss is **GRANTED WITH LEAVE TO**
20   **AMEND**.

21        2.   If Berry desires to proceed with this lawsuit, she
22   must file an amended complaint by **November 29, 2010**.  The
23   amended complaint should be a short, legible statement in
24   plain English that clearly states the facts that form the
25   basis for Berry's lawsuit against DIR.  At a minimum, Berry
26   should state how DIR harmed her, the legal grounds on which
27   she may recover, and what relief she seeks from DIR.  In
28   amending her complaint, Berry may wish to consult a manual the

                                    4

1  court has adopted to assist pro se litigants in presenting
2  their case.  This manual is available in the Clerk's Office
3  and online at: http://www.cand.uscourts.gov.  If plaintiff
4  does not amend or otherwise comply with this Order by **November**
5  **29, 2010**, this case will be dismissed.

6

7  Dated: October 27, 2010

8

9                        Bernard Zimmerman
                         United States Magistrate Judge
10

11  G:\BZALL\-BZCASES\BERRY V. CA DEPT OF INDUST RELATIONS\ORDER DISMISSING
    COMPLAINT.wpd
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5